# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------- x
:
UNITED STATES OF AMERICA,                :   No. 18-cr-681 (S-1) (WFK)
:
v.                                       :   ECF Case
:
JEAN BOUSTANI, et. al.,                  :
:
      Defendants.                       :   Dated: September 13, 2019
:
:
:
---------------------------------------- x

## DEFENDANT JEAN BOUSTANI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE THE DESIGNATION OF GOVERNMENT WITNESS HELENA SUSANO AS AN EXPERT ON MOZAMBICAN BRIBERY LAW

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Philip F. DiSanto
787 Seventh Avenue
New York, New York   10019-6099
Phone:  (212) 728-8000
Email:  mschachter@willkie.com

*Attorneys for Defendant Jean Boustani*

Defendant Jean Boustani respectfully submits this memorandum of law in support of his motion *in limine* to preclude the designation of Government witness Helena Susano as an expert on Mozambican bribery law.

**I.  HELENA SUSANO IS NOT AN EXPERT ON MOZAMBICAN BRIBERY LAW.**

Count Four of the Superseding Indictment charges Mr. Boustani with engaging in a money laundering conspiracy to promote, or conceal the proceeds of, certain specified unlawful activities (the "SUAs").  (Sup. Ind. ¶ 104.)  Paragraph 104(a)(ii) charges that Mr. Boustani conspired to engage in money laundering for the purpose of promoting, or concealing the proceeds of, an "offense[] against a foreign nation involving the bribery of a public official, in violation of Mozambican law."  (*Id*. ¶ 104(a)(ii), (b).)  To establish this charge, the Government must prove the predicate SUA—a violation of Mozambican law concerning the bribery of a public official that constitutes an "offense against" the Republic of Mozambique—beyond a reasonable doubt, in addition to proving the money laundering elements that comprise the primary offense.

On August 16, 2019, the Government informed defense counsel of its intention to establish the contours of Mozambican bribery law through the testimony of an individual who cannot practice law in Mozambique and is not a scholar of Mozambican law.  The Government notified defense counsel that it intends to call a former judge from Portugal, the Honorable Helena Susano, at a "pretrial hearing to testify regarding the relevant aspects of the laws of the Republic of Mozambique ('Mozambique') relating to anti-corruption and bribery of public officials."  (Dkt. 136 (Aug. 16 Gov't Ltr.), attached here as Ex. 1.)  The Government informed defense counsel that the Government was going to request that the Court hold a pretrial hearing in order to "resolve any foreign law determinations as a matter of law before trial."  (*Id*.)  To

- 1 -

date, the Government has not sought such a pretrial hearing. Nevertheless, on September 9, 2019, the Government submitted to the Court its Requests to Charge, *see* Dkt. 157, which include multiple pages of jury instructions ostensibly "adapted" from various Mozambique statutes. (*Id*. at 51-56.)

The Government has the burden of proving the violation of Mozambican bribery law, and, as the party whose claim depends on foreign law, the duty to provide the Court with reliable, informed expert testimony regarding the elements of that law.[1] *Dulles v. Katamoto,* 256 F.2d 545, 547 (9th Cir. 1958) (Government's failure to produce "testimony of an experienced Japanese practitioner" in order to prove a required point of Japanese law entitled the district court to impose an adverse inference that Japanese law was actually the opposite of what the Government contended). Judge Susano, however, is not qualified to serve as an expert on Mozambican bribery law.

Judge Susano did not attend law school in Mozambique, is not a member of the Mozambique Bar Association, and would be prohibited, under Mozambique statute, from practicing law in the Republic of Mozambique. *Bostrom v. Seguros Tepayac, S.A.*, 225 F. Supp.

---

[1] Rule 26.1 of the Federal Rules of Criminal Procedure provides that "[i]ssues of foreign law are questions of law. . . ." Mr. Boustani nonetheless reserves the right to argue at any hearing on these issues that the question of what Mozambican law proscribes is, under constitutional principles, one for the jury to decide. *See* Benjamin Kaplan, *Continuing work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (II)*, 81 HARV. L. REV. 591, 617 (1968) (explanation by the reporter for the Advisory Committee to Fed. R. Civ. Pro. 44.1, which is referred to by the draftsman of Rule of Criminal Procedure 26.1 as substantively identical, that the references in these Rules that identify foreign law as an "issue of law," *see* Fed. R. Crim. Pro. 26.1, were intended to make clear that *if* a district court judge made the determination about what the foreign law required, such a determination would be subject to *de novo* appellate review, like any issue of domestic law. However, "the question [of] whether the jury is. . .to find out what the precept [of the foreign law]" entails is "ultimately a constitutional question which the rule-makers did not attempt to decide.").

222, 230-31 (N.D. Tex. 1963), *modified on other grounds*, 347 F.2d 168 (5th Cir. 1965) (refusing to accept proffered "expert" on Mexican law where individual was "native of Germany and studied law there" rather than in Mexico, was not licensed to practice law in Mexico, and whose "expertise" appeared to have been derived exclusively from reading the text of the statutes at issue). Indeed, given Judge Susano's lack of qualifications, she would be committing a *crime* in Mozambique if she attempted to practice law there. *See* Ex. 2 (certified translation of excerpt of Mozambique Law No. 28/2009, at Art. 52 ("Only attorneys and trainee attorneys registered with the Mozambique Bar Association may perform acts of law practice, throughout the national territory and before any jurisdiction, court, or public or private authority or agency . . .")); Ex. 3 (certified translation of excerpt from 2014 Penal Code of Mozambique, at Art. 556(3) ("[a]ny person who, contrary to the law or to regulations, performs acts inherent to a profession without being in possession of the official qualification, diploma or authorization that legally entitles him or her to exercise such profession shall be subject to punishment consisting of between six months and two years of incarceration and the corresponding fine.").

While the Government represented in its August 16 Letter that Judge Susano has "authored numerous articles and publications, including on the criminal law of Mozambique," Judge Susano's own CV demonstrates that this is a considerable embellishment. Judge Susano describes herself as the "coordinator" of an "e-book" called "Criminal and Procedural Law of Mozambique," *see* Ex. 1, at Ex. A, and it is our understanding that this "e-book" does not contain *any* analysis of Mozambique's bribery laws, but is instead a guide to basic legal procedure, such as the filing of charges and the process of appeal. And, we understand from the title "coordinator" that Judge Susano is not the author of this material in any event. *Bostrom*, 225 F. Supp. at 231 (refusing to designate "expert" on Mexican law simply because he had written

- 3 -

"articles on the law of the Republic of Mexico," where such articles did not have "any relation to questions involved in [the] case" at bar). The Government touts that Judge Susano has "taught courses in Mozambique in the areas of…money laundering and corruption," *see* Ex. 1 at 2, but this appears to be a reference to her participation in a 2-day seminar in Maputo—Mozambique's capital—concerning *international regulations* aimed at combating drug trafficking, corruption and money laundering, not a course on Mozambique's *own* laws.

Thus, it appears that Judge Susano's primary qualification is that she can read Portuguese, which is the language that Mozambique's laws are written in. But, as any legal practitioner knows, and as the Supreme Court has made clear, the ability to read the text of a foreign law statute is not enough to qualify one as an expert on what that statute "means" because "to one brought up within [the foreign jurisdiction], varying emphasis, tacit assumptions, unwritten practices, a thousand influences gained only from life, may give to the different parts [of the statute] wholly new values that logic and grammar never could have got from the books." *Diaz v. Gonzalez*, 261 U.S. 102, 106 (1923).

In a case involving questions of foreign law, "a party owes the Court the duty of producing an expert witness whose learning and experience equal or surpass his willingness. It takes more than some schooling in law, custody of law books, a general interest in the subject, and a willingness to testify on any phase of the laws of any foreign country to make a *real* expert witness on whose opinions a court can rely with reasonable safety." *Bostrom*, 225 F. Supp. at 231 (emphasis added). There are multiple law schools in Mozambique, an active Bar Association of able lawyers who engage with Mozambican criminal law on a daily basis, and a cadre of retired jurists. Indeed, it would have been easy for the Government to have engaged a current or former prosecutor from Mozambique's Attorney General's office, and yet, the

Government chose instead to retain Judge Susano. Whatever the reason for this decision, the Government's offer of a former European judge who has never adjudicated, prosecuted, or defended a case in Mozambique, much less a case involving the statutes for which the Government intends to offer her as an expert, is an insufficient basis for the Government to proceed on Count Four's charge that Mr. Boustani engaged in a money laundering conspiracy to promote or conceal the proceeds of a violation of Mozambican bribery law.

## **CONCLUSION**

For the foregoing reasons, this Court should refuse to designate Judge Susano as an expert on Mozambican bribery law.

Dated:   New York, New York
         September 13, 2019

**WILLKIE FARR & GALLAGHER LLP**

By: _/s/ Michael S. Schachter_____
Michael S. Schachter
Randall Jackson
Casey E. Donnelly
Philip DiSanto
787 Seventh Avenue
New York, New York 10019
Phone: (212) 728-8000
Email: mschachter@willkie.com

*Attorneys for Defendant Jean Boustani*