FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  OCT 04 2019  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                 v.

JEAN BOUSTANI,

             Defendant.

----------------------------------------------------------------X

**DECISION & ORDER**
18-CR-681-1 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 16, 2019, the Government filed a Superseding Indictment against Jean Boustani ("Defendant") and five other co-defendants. *See* Superseding Indictment ("S-1"), ECF No. 137. The Superseding Indictment charges Defendant with wire fraud conspiracy, in violation of 18 U.S.C. §§ 1349 and 3552 et seq., securities fraud conspiracy, in violation of 18 U.S.C. §§ 371 and 3552 et seq., and money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(h) and 3552 et seq. *Id.* Before the Court is Defendant's motion *in limine* to preclude the designation of the Honorable Helena Susano as an expert on Mozambican bribery law. ECF No. 167 ("Mot."); ECF No. 168 ("Def. Mem."). The Government opposes. *See* ECF No. 197 ("Opp."). For the reasons set forth below, Defendant's motion is **DENIED.**

## RELEVANT BACKGROUND

Count Four of the Superseding Indictment charges Defendant with engaging in a money laundering conspiracy to promote, or conceal the proceeds of, certain specified unlawful activities (the "SUAs") in violation of 18 U.S.C. § 1956(h). *See* S-1 ¶ 104. One of the SUAs is a violation of Mozambican law, pursuant to 18 U.S.C. § 1956(c)(7)(B)(iv), which defines "specified unlawful activity" to include "an offense against a foreign nation" involving "bribery of a public official." At trial, the Government must prove beyond a reasonable doubt the predicate SUA—a violation of Mozambican law concerning the bribery of a public official that constitutes an "offense against" the Republic of Mozambique—in addition to proving the money laundering elements comprising the primary offense.

On August 16, 2019, the Government filed a notice pursuant to Rules 16(a)(1)(G) and 26.1 of the Federal Rules of Criminal Procedure that it may seek to offer expert testimony of Judge Susano regarding the relevant aspects of Mozambican laws. ECF No. 136. Specifically, the Government intends to offer Judge Susano as an expert in bribery and corruption laws of Mozambique in order to assist the Court in identifying the elements of applicable Mozambican law in the jury instructions. *Id.* The Government also expressed its intent to request the Court resolve any dispute concerning the elements of those laws before trial. *See* ECF No. 136. Included with a copy of that notice was a copy of the *curriculum vitae* ("CV") of Judge Susano. On September 3, 2019, the Government provided Defendant with the provisions of ten different Mozambican laws related to bribery and corruption, along with official English translations of the original documents, written in Portuguese. *See* Opp. at 2.

On September 13, 2019, Defendant filed the instant motion to preclude the designation of Judge Susano as an expert on Mozambican bribery law. *See* Mot.; Def. Mem. The Government opposed. *See* Opp.

## APPLICABLE LAW

Rule 26.1 provides:

> A party intending to raise an issue of foreign law must provide the court and all parties with reasonable written notice. Issues of foreign law are questions of law, but in deciding such issues a court may consider any relevant material or source—including testimony—without regard to the Federal Rules of Evidence.

Fed. R. Crim. P. 26.1; *see United States v. Kozeny*, 582 F. Supp. 2d 535, 538 (S.D.N.Y. 2008) (Scheindlin, J.) ("[Foreign law] now is viewed as a question of law and may be determined through the use of any relevant source, including expert testimony." (internal quotation marks and citation omitted)). When added to the Federal Rules, Rule 16.1 was intended to be "substantially the same as Civil Rule 44.1." Fed. R. Crim. P. 26.1

2

advisory committee's note to 1944 amendment. Under Rule 44.1 of the Federal Rules of Civil Procedure, written and oral testimony from experts, who are "not required to meet any special qualifications," remains the "basic mode of proving foreign law" in the Second Circuit. *Bigio v. Coca-Cola Co.*, 97-CV-2858, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010) (Jones, J.), *aff'd*, 675 F.3d 163 (2d Cir. 2012); *see also Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 330 (S.D.N.Y. 2015) (Stein, J.); *Panam. Mgmt. Grp. Inc. v. Pena*, 08-CV-2258, 2011 WL 3423338, at *4 (E.D.N.Y. Aug. 4, 2011) (Bianco, J.). Expert testimony should "aid the Court in determining the content of the applicable foreign law . . . . [T]he Court is not obliged to credit the parties' partisan application of the governing law." *Bigio*, 2010 WL 3377503, at *4.

## DISCUSSION

In support of his motion, Defendant argues Judge Susano is not an expert on Mozambican bribery law because: (1) she neither attended law school nor is a member of the bar in Mozambique; and (2) her publications and teaching engagements are neither sufficiently extensive nor specialized. *See* Def. Mem. In Defendant's view, Judge Susano's "primary qualification is that she can read Portuguese . . . the language that Mozambique's laws are written in . . . [which] is not enough to qualify one as an expert on what the statute 'means.'" *Id.* at 3 (citing *Diaz v. Gonzalez*, 261 U.S. 102, 106 (1923) (quotations omitted)). In response, the Government argues Judge Susano's experience and training qualify her as an expert on Mozambican bribery law, and Defendant's arguments are insufficient to preclude her designation as such. *See* Opp.

The Court is not persuaded by the defense. As an initial matter, the fact Judge Susano is not a member of the bar in Mozambique does not disqualify her as an expert. Membership of the

3

bar is not necessarily probative of her expertise in Mozambican bribery law. *See Murphy v. Bankers Commercial Corp.*, 111 F. Supp. 608, 611 (S.D.N.Y. 1953) (Kaufman, J.) (holding mere fact experts who had not been admitted to practice in Honduras was not alone sufficient to disqualify them from providing expert testimony regarding validity of a mortgage under Honduran law). "In cases involving foreign-law experts, it is not the credibility of the expert that is at issue, it is the persuasive force of the opinions they expressed." *Les Telecommunications D'Haiti S.A.M. v. Cine*, 77 F. Supp. 3d 263, 272 (E.D.N.Y. 2014) (Weinstein, J.) (internal quotation marks, alteration, and citation omitted).

The Court is also unconvinced by Defendant's argument to preclude Judge Susano on the basis her background is not sufficiently extensive or specialized. Judge Susano has extensive experience and training in criminal law, including corruption and bribery, in Portugal, a country whose criminal code served as the blueprint for the Mozambique's system of laws. According to the Government, Mozambique's bribery and corruption laws were enacted by the Penal Code of 1886 (the "1886 Penal Code"), which mirrored the Portuguese Penal Code at the time. *See* Opp. at 6. After achieving independence in 1975, Mozambique retained the 1886 Penal Code until the enactment of a new penal code in 2015 (the "2015 Penal Code"). *Id.* The Government avers some provisions of the 1886 Penal Code remain in force today, including the provisions on bribery the Government cited in its proposed jury instructions. *Id.* Moreover, the 2015 Penal Code is substantially the same as the Portuguese penal code. *Id.* Defendant does not dispute these facts. Furthermore, her CV indicates she has taught Mozambican judges and prosecutors on those very laws.

Accordingly, the Court will not preclude the designation of Judge Susano as an expert on Mozambican bribery law in this case. At trial, the Court will make the ultimate determination on

4

whether to accept or to exclude her testimony about the meaning and applicability of foreign laws in this case. Expert testimony may not invade the province of the Court in instructing the jury on the law, or of the jury in making factual determinations. *See United States v. Bilzerian*, 926 F. 2d. 1285, 1294 (2d Cir. 1991).

## CONCLUSION

For the reasons discussed herein, the Court DENIES Defendant's motion to preclude the designation of Judge Susano as an expert on Mozambican bribery law (ECF No. 167).

**SO ORDERED.**

s/ WFK II

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 4, 2019
       Brooklyn, New York