

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| HDM/GN/PC/MC<br>F. #2016R00695 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

July 17, 2024

<u>By ECF and E-Mail</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>United States v. Manuel Chang</u>
            <u>Criminal Docket No. 18-681 (S-3) (NGG)</u>

Dear Judge Garaufis:

      The government respectfully writes briefly to address the defendant's argument at the end of trial today objecting to the government's use of a publication witness to read emails made by unavailable co-conspirators. Specifically, the defendant raised two issues: (1) that admission of emails as co-conspirator statements purportedly violated the Confrontation Clause; and (2) the defendant would not have an adequate opportunity to cross-examine Mr. Pearse on later-admitted documents regarding the use of "nicknames." (<u>See</u> Trial Tr. 436-439). Neither argument has merit.

      As an initial matter, the government's proposed admission of co-conspirator statements was thoroughly briefed in the motions <u>in limine</u>, and the Court has already ruled on the admissibility of such statements. On July 3, 2024, the Court "grant[ed] the government's motion to admit out-of-court statements or communications by co-conspirators unavailable for trial (including Boustani, Allam, Do Rosario and Nhangumele) on a conditional basis," and stated that it will "follow the <u>Geaney</u> protocol for out-of-court co-conspirator statements that the government seeks to admit under Rule 801(d)(2)(E)." (ECF No. 626, at 12.) The Court also granted the government's motion to "conditionally admit [GX 2808 and GX 2808A] on a conditional basis under <u>Geaney</u>." (<u>Id.</u> at 12-13.) There is no reason to disturb the Court's ruling.

      The defendant's Confrontation Clause challenge ignores black letter law. The "Supreme Court has indicated that statements in furtherance of a conspiracy are non-testimonial for purposes of the Confrontation Clause, and are therefore not covered by its protections." <u>United States v. Shyne</u>, 617 F.3d 103, 108 (2d Cir. 2010) (citing <u>Crawford v. Washington</u>, 541 U.S. 36, 56 (2004) (acknowledging that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records or statements in furtherance of a

conspiracy.")); United States v. Logan, 419 F.3d 172, 178 (2d Cir. 2005) ("[I]n general, statements of co-conspirators in furtherance of a conspiracy are non-testimonial."). In addition, almost all the exhibits that the government seeks to admit are between co-conspirator Jean Boustani and one or more other unavailable co-conspirators: Antonio Do Rosario, Naji Allam, Teofilo Nhangumele, Armando Ndambi Guebaza, and/or Basetsana Thokoane. The remaining emails were each authored by one of the above co-conspirators in furtherance of the conspiracy.

   The defendant's argument that he will be unable to cross-examine Mr. Pearse on email communications that do not include him at all should also be rejected. The defendant has been in possession of the government's exhibits since July 5 (and the search warrant returns from which the government obtained these emails for several months) and can cross-examine Mr. Pearse on any of those documents, subject to the Rules of Evidence, including relevance and hearsay. Indeed, if the defendant wants to challenge Mr. Pearse's understanding of the nicknames used by co-conspirators, then he can certainly do so, with or without showing him such documents. But, as defense counsel knows, if they intend to cross-examine Mr. Pearse on emails he was not even on, then they should be prepared to lay foundation to establish that Mr. Pearse even knows what the email is about, and what is being communicated. The defendant has also indicated that he expects to call Mr. Pearse in his defense case and can of course further examine him on these documents at that time, again, subject to the Rules of Evidence.

   Accordingly, the defendant's meritless arguments provide no basis to disturb the Court's previous order admitting these documents as co-conspirator statements on a conditional basis under Geaney. (ECF No. 626, at 12.).[1]

---

[1] Taken to its logical conclusion, the defendant's argument would mean that the government could never admit any co-conspirator statements that did not include the government's witnesses because the defendant purportedly would be denied the ability to cross-examine the government's witness on communications that the witness was not a party to and was not included on or had seen before. That is not the law, and the defendant cited no cases to the Court today in support of this erroneous assertion.

                                                       Respectfully submitted,

                                                       BREON PEACE
                                                       United States Attorney

                                      By:   /s/_____
                                                       Hiral Mehta
                                                       Genny Ngai
                                                       Assistant U.S. Attorneys
                                                       (718) 254-7000

| | |
|---|---|
| GLENN S. LEON | MARGARET A. MOESER |
| Chief, Fraud Section | Chief, Money Laundering |
| Criminal Division | & Asset Recovery Section |
| U.S. Department of Justice | Criminal Division |
| | U.S. Department of Justice |
| By: /s/_____ | |
| Peter L. Cooch | By: /s/_____ |
| Trial Attorney | Morgan J. Cohen |
| (202) 924-6259 | Trial Attorney |
| | (202) 606-0116 |

cc:    Adam Ford, Esq. (by ECF)
       Jamie Hoxie Solano, Esq. (by ECF)