

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

HDM/GN/PC/MC
F. #2016R00695

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 21, 2024

By ECF and E-Mail

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Manuel Chang
                Criminal Docket No. 18-681 (S-3) (NGG)

Dear Judge Garaufis:

      The government respectfully writes to provide a list of exhibits that the government intends to move to admit pursuant to Rule 801(d)(2)(E).[1] The Court previously "grant[ed] the government's motion to admit out-of-court statements or communications by co-conspirators unavailable for trial (including Boustani, Allam, Do Rosario and Nhangumele) on a conditional basis," and stated that it will "follow the Geaney protocol for out-of-court co-conspirator statements that the government seeks to admit under Rule 801(d)(2)(E)." (ECF No. 626, at 12.) The Court also granted the government's motion to "conditionally admit [GX 2808 and GX 2808A] on a conditional basis under Geaney." (Id. at 12-13.)

      Pursuant to the Court's Order, the government will move to admit the documents set forth in Exhibit A. As reflected in Exhibit A, the identified communications involve one or more of the alleged co-conspirators in this case, including, but not limited to, Jean Boustani, Teofilo Nhangumele, Antonio Do Rosario, Armando Guebaza, Jr., Naji Allam, and Basetsana Thokoane. These communications were also made in furtherance of the instant conspiracy, as they include:

---

[1] Alternatively, the government submits that these documents are also admissible as statements against penal interest. (ECF No. 571 at 9-18.)

- discussions of payments to Mozambican officials, including the defendant, as reflected in, among other documents, GX 2808, GX 2808A, and GX 2808A-1 to GX 2808A-14;[2]

- communications regarding the concealing of payments to Mozambican officials through use of "consultancy agreements" and invoices for, among other things, purported "real estate";

- communications pertaining to the opening and use of various bank accounts by and/or for co-conspirators;[3] and

- communications reflecting acts done by co-conspirators in furtherance of the conspiracy, including the purchase of airline tickets for the defendant and one or more of his family members and the sending of wine, olive oil, and other goods to the defendant.

\*\*\*

---

[2] The Court has already conditionally admitted GX 2808 and GX 2808A under Geaney because the documents detail payments made to the defendant and other co-conspirators in connection with the Mozambican loans. (See ECF No. 626, at 12-13.) Given that GX 2808A is a large spreadsheet, GX 2808A-1 to GX 2808A-14 are excerpts taken from GX2808A for ease of presentation to the jury.

[3] With respect to GX 3187 and 3188 specifically, the government is not proving the truth of the matter asserted by the declarant, but rather, to show that the bank account information identified in these two exhibits are associated with Guebaza, Jr.

Accordingly, the government respectfully requests that it be permitted to admit these documents during trial at a convenient time.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Hiral Mehta
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:   /s/
Peter L. Cooch
Trial Attorney
(202) 924-6259

MARGARET A. MOESER
Chief, Money Laundering
& Asset Recovery Section
Criminal Division
U.S. Department of Justice

By:   /s/
Morgan J. Cohen
Trial Attorney
(202) 606-0116

cc:   Adam Ford, Esq. (by ECF)
Jamie Hoxie Solano, Esq. (by ECF)