

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

HDM/GN/PC/MC
F.# 2016R00695

271 Cadman Plaza East
Brooklyn, New York 11201

July 21, 2024

By ECF and Email

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Manuel Chang
      Criminal Docket No. 18-681 (NGG)

Dear Judge Garaufis:

The government respectfully writes to address the defendant's misuse of prior inconsistent statements in Andrew Pearse's cross-examination. On Thursday, defense counsel introduced extrinsic evidence of inadmissible hearsay statements made by Mr. Pearse in the U.K. Proceeding on the grounds that such statements "are prior inconsistent statements under [Rule] 801(d)(2)." (Tr. at 611) (Ms. Solano). According to defense counsel, "the way the rule works" is that "once he says something that is completely contrary to a signed written statement under penalty of perjury, it comes into evidence." (Id.) (Mr. Ford). That is wrong.

Rule 801(d)(2) plainly cannot be used to admit Mr. Pearse's prior written out-of-court statements from the U.K. Proceeding because he is not the defendant's party opponent. Indeed, he is not a party at all. Defense counsel's claim that Mr. Pearse made such statements under penalty of perjury is both irrelevant and inaccurate. Rule 801(d)(2) makes no reference to statements made under penalty of perjury. Even if defense counsel meant to cite to Rule 801(d)(1), which does contain an under-penalty-of-perjury requirement, none of Mr. Pearse's written statements in the U.K. Proceeding were made under penalty of perjury as contemplated by that rule. Finally, because Mr. Pearse's written hearsay statements from the U.K. Proceeding are not independently admissible, the defendant cannot admit them as extrinsic evidence of inconsistency under Rule 613(b) without first providing him an opportunity to explain or deny them. See Fed. R. Evid. 613(b) ("Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement.") (emphasis added).

## I.  **Background**

On Thursday, defense counsel cross-examined Mr. Pearse on why the "Rovuma field development plan" — a technical document regarding the development of a natural gas field in Mozambique — was delayed:

> Ms. Solano: There was a field development plan for Rovuma. Are you familiar with that plan?
>
> Mr. Pearse: Not with the plan in great detail; but the principle of it, yes.
>
> Ms. Solano:  You know it existed, right?
>
> Mr. Pearse: I know it was being negotiated, I don't think it existed at that time.

(Tr. 609:5-11.)  In response to a question from defense counsel regarding whether an oil price crash in 2014 had delayed the "plan," Mr. Pearse testified that although he was aware of the price crash, he was unsure if that was the cause of the delay.  Defense counsel immediately moved to admit DX15017-2, an excerpt from Mr. Pearse's witness statement in the U.K. Proceeding, as evidence of a prior inconsistent statement.

The Government duly objected, arguing in a sidebar that Rule 613(b) required defense counsel to first provide the testifying witness an opportunity to explain or deny the alleged inconsistent statement prior to the admission of extrinsic evidence of inconsistency.  In response, defense counsel argued that they could show Mr. Pearse's prior written statements to the jury without complying with Rule 613(b) because they were independently admissible as the non-hearsay statements of a party opponent:

> Ms. Solano: Allowing him the opportunity to explain does not have to occur prior to its admissibility.  He's on the stand, so he has the opportunity to explain.  But in addition, your Honor, these are prior inconsistent statements under 801(d)(2); and under those circumstances, they are admissible evidence.
>
> Mr. Ford: If Mr. Mehta wants him to explain on redirect, he has that opportunity.  But the way the rule works, 801(d)(2), once he says something that is completely contrary to a signed written statement under penalty of perjury, it comes into evidence.  Once it's in, he can explain it until he's blue in the face.
>
> Ms. Solano: Even under 613, your Honor, he has the opportunity to explain.  He's sitting here in the courtroom.

(Tr. 611-612.)  Ultimately, the Court allowed the defendant to show the jury Mr. Pearse's written statement without first asking him to explain or deny it.

Even after admitting the extrinsic evidence of Mr. Pearse's prior written statement, defense counsel prevented Mr. Pearse from explaining the purported inconsistency.

> Ms. Solano: Mr. Pearse, once again, this came from your statement that you prepared under penalty of contempt of court?
>
> Mr. Pearse:   Yes.
>
> Ms. Solano: Regarding the Rovuma field development plan being delayed due to the oil price crash in 2014. Correct?
>
> Mr. Pearse: Yes. But this is not the field development plan that you had been just been discussing this. Is the plan –
>
> Ms. Solano:  Mr. Pearse, you will have the opportunity to explain when the Government stands up.
>
> Mr. Pearse:  I do apologize.

(Id. 613:20-614:04.)  Intervention from the Court revealed, in fact, that Mr. Pearse's prior written statement concerned the "plan" to develop the Rovuma gas field in a general, colloquial sense, and not the "Field Development Plan," the technical document about which defense counsel had specifically asked him.  In other words, there was no prior inconsistent statement — something that would have been clear if Mr. Pearse had been given an opportunity to explain or deny the alleged inconsistency before his written out-of-court statement was improperly shown to the jury.

## II.  Defense Counsel Is Wrong About Rule 801(d)(2)

Mr. Pearse is not a party in this case.  Rule 801(d)(2) therefore does not apply to him and cannot be used to admit any of his prior written statements.  Mr. Pearse's prior written statements are hearsay, and should be treated as such.

Federal Rule of Evidence 801(d)(2) states, in relevant part, that:

> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
> **(A)** was made by the party in an individual or representative capacity;
> **(B)** is one the party manifested that it adopted or believed to be true;
> **(C)** was made by a person whom the party authorized to make a statement on the subject;
> **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2).

It is well-settled law in the Second Circuit that a statement of a government witness is not a statement by the government, in any capacity, including as a representative or agent. See United States v. Yildiz, 355 F.3d 80, 82 (2d Cir. 2004) (holding that "the out-of-court statements of a government informant are not admissible in a criminal trial pursuant to Rule 801(d)(2)(D) as admissions by the agent of a party opponent."); see also United States v. Moore, 618 F. App'x 726, 727 (2d Cir. 2015) (holding that out-of-court statements by cooperating witness are not statements of a party opponent; United States v. Santos, 372 F.2d 177, 180 (2d Cir.1967) (holding inconsistent out of court statements otherwise admissible not admissible against government in criminal prosecution); United States v. Durrani, 659 F. Supp. 1183 (D. Conn.), aff'd, 835 F.2d 410 (2d Cir.1987) (same); Clarke v. United States, 365 F. Supp. 2d 553, 563–64 (S.D.N.Y. 2005) (refusing to enter statements made by informants into evidence against the Government under 802(d)(2)(A) because "[t]hose statements were clearly not the statements of the Government in an individual or representative capacity or indeed in any capacity") (internal quotation marks omitted). Likewise, courts have refused to apply the hearsay exception to statements offered against non-Government parties in criminal cases. United States v. Romanello, No. 22-CR-194 (EK), 2023 WL 4405667, at *7 (E.D.N.Y. July 7, 2023) (denying admission of co-defendant's statements against him under 801(d)(2) because co-defendant is not a party opponent). Thus, Rule 801(d)(2) cannot be used to admit any Mr. Pearse's out-of-court statements, including those he submitted in writing in the U.K. Proceeding.

Nor does Rule 801(d)(2) even reference, as defense counsel claims, a statement made under "penalty of perjury." (Tr. at 611) (Mr. Ford). The government recognizes that defense counsel may have meant to cite Rule 801(d)(1)(A), which states, in relevant part, that a statement is not hearsay if "the declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." See Fed. R. Evid. 801(d)(1)(A). But this argument also fails. Mr. Pearse's written statement was not "given" "at a trial, hearing, or other proceeding or in a deposition."[1] See id. Courts have routinely held that signed affidavits are not considered to have been given "at a trial, hearing, or other proceeding or in a deposition." See Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2001) (holding that witness's signed affidavit, prepared with the aid of an attorney, and submitted to the Court, did not constitute an "other proceeding" within the meaning of Rule 801(d)(1)(A)); United States v. Micke, 859 F.2d 473, 477 (7th Cir. 1988) (holding that a statement made during an Internal Revenue Service investigation and signed by the witness was not made at an "other proceeding" under Rule 801(d)(1)(A)); United States v. Livingston, 661 F.2d 239, 242 (D.C.Cir.1981) (holding that witness's sworn statement, written for her by postal inspector who based it upon her earlier statements, was not admissible as substantive evidence under Rule 801(d)(1)(A)); United States v. Jordan, No. 04-CR-00229-LTB, 2015 WL 361036, at *9 (D. Colo. Jan. 28, 2015), aff'd, 806 F.3d 1244 (10th Cir. 2015) (holding that "the term 'other proceeding' is not unlimited" and "seems to

---

[1] Nor is the statement under "penalty of perjury" under U.S. law. Mr. Pearse's statement is made under "contempt of court" under U.K. law. Indeed, Mr. Pearse testified that he understood that he would have had the opportunity to correct and change his statement prior to testifying in the U.K. Proceeding. Mr. Pearse did not ultimately testify and thus, Mr. Pearse never had such an opportunity.

contemplate situations in which an official verbatim record is routinely kept, whether stenographically or by electronic means, under legal authority.") (citations omitted).

Thus, neither Rule 801(d)(2) or 801(d)(1)(A) apply to Mr. Pearse's written witness statement and may not be used to admit such statements as prior inconsistent statements.

## III.    Inconsistent Statements Should Only Be Admitted as Evidence Under Fed. R. Evid. 613(b) If the Witness Is Given the Opportunity to Explain or Deny and Fails to Do So

As Mr. Pearse's prior written statements are not statements of a party opponent under Rule 801(d)(2) or otherwise admissible under Rule 801(d)(1)(A), defense counsel cannot admit them as extrinsic evidence of inconsistency unless Mr. Pearse is first given the opportunity to explain or deny them.  Federal Rule of Evidence 613(b) states, in relevant part:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.

Fed. R. Evid. 613(b).

Courts have broad discretion as to whether the witness could explain or deny the statement prior to its admission, and courts in this Circuit, consistent with the plain language of the Rule, have required a witness an opportunity to explain or deny the statement before admission. See United States v. Surdow, 121 F. App'x 898, 899 (2d Cir. 2005) (quoting Weinstein's Federal Evidence § 613.05[1] at 613–19) ("[A] trial court's broad discretion . . . permits it to exclude extrinsic impeachment evidence 'that was not revealed while the witness was on the stand,' or at least before the witness was permitted to leave the court."); United States v. Howard, 639 F. App'x 686, 689 (2d Cir. 2016) (finding the requirements of Rule 613(b) "not satisfied" because extrinsic evidence of a cooperating witness's inconsistent statements was provided before they testified, precluding the opportunity to explain or deny); United States v. Mourad, 729 F.2d 195, 201 (2d Cir. 1984) (affirming district court's decision to preclude extrinsic evidence where testifying witness was not available to explain); United States v. Ghailani, 761 F. Supp. 2d 114, 117–18 (S.D.N.Y. 2011) (proffer of extrinsic evidence can only be considered if the witness has been given the opportunity to explain or deny).  Indeed, "[w]here a statement has not been drawn to the witness's attention during his or her testimony, a district court may properly preclude Rule 613 prior inconsistent testimony, even though the witness could have been recalled to explain or deny the statement."  See United States v. Amato, No. 03-CR-1382 (NGG), 2006 WL 1891113, at *4 (E.D.N.Y. June 27, 2006).

Significantly, recognizing the case law requiring a witness an opportunity to explain or deny a statement before admission, the Supreme Court proposed an amendment to Rule 613(b) that will take effect on December 1, 2024, absent congressional action.  The proposed new Rule 613(b) states:

> Unless the court orders otherwise, extrinsic evidence of a witness's prior inconsistent statement may not be admitted until after the witness is given

an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it.

As the advisory committee notes to the new rule make clear, "Rule 613(b) has been amended to require that a witness receive an opportunity to explain or deny a prior inconsistent statement <u>before</u> the introduction of extrinsic evidence of the statement.  This requirement of a prior foundation is consistent with the common law approach to impeachment with prior inconsistent statements.  <u>See, e.g.</u>, <u>Wammock v. Celotex Corp.</u>, 793 F.2d 1518, 1521 (11th Cir. 1986) ("Traditionally, prior inconsistent statements of a witness could not be proved by extrinsic evidence unless and until the witness was first confronted with the impeaching statement.")."  Fed. R. Evid. 613(b) Adv. Comm. Notes (2024) (emphasis in original).  In amending Rule 613(b) in 2024, the Committee expressly rejected defense counsel's arguments here that "If [the government] wants him to explain on redirect, he has that opportunity."  The Committee stated:

> Further, recalling a witness solely to afford the requisite opportunity to explain or deny a prior inconsistent statement may be inefficient.  Finally, trial judges may find extrinsic evidence of a prior inconsistent statement unnecessary in some circumstances where a witness freely acknowledges the inconsistency when afforded an opportunity to explain or deny.  Affording the witness an opportunity to explain or deny a prior inconsistent statement before introducing extrinsic evidence of the statement avoids these difficulties.

<u>Id.</u>

Thus, in light of the case law in the Second Circuit, the proposed amendment of Rule 613(b) and the express text of the 2024 advisory committee notes, the government respectfully requests the Court to require defense counsel to give Mr. Pearse and any other witness an opportunity to explain or deny their prior inconsistent statement before admitting such statement as extrinsic evidence.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Hiral Mehta
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Dept. of Justice

By:   /s/
       Peter L. Cooch
       Trial Attorney
       (202) 924-6259

       MARGARET A. MOESER
       Chief, Money Laundering & Asset
       Recovery Section
       Criminal Division
       U.S. Department of Justice

By:   /s/
       Morgan J. Cohen
       Trial Attorney
       (202) 616-0116

cc:   Clerk of Court (NGG) (by ECF)
       Defense counsel (by ECF)