

July 22, 2024

**VIA ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>United States v. Chang, Case No. 18-CR-681</u>

Dear Judge Garaufis:

     We write in response to the government's letter dated July 21, 2024, seeking a curative instruction prior to the government calling one of its expert witnesses, Sean O'Malley. The select portions of defense counsel's opening statement given July 16, 2024, that the government raises issue with were proper and do not provide any basis for a curative instruction. Indeed, as the Court is aware, the government made no contemporaneous objection during defense counsel's opening, and the government's letter follows five days after the opening statement was given. *See Sorensen v. City of New York*, No. 98 CIV. 3356 (HB), 2000 WL 1528282, at *15 (S.D.N.Y. Oct. 16, 2000) ("Th[e] objection, which was first raised one week after the opening statement, is not timely. Accordingly, plaintiff waived any objection she may have had to the defendant's opening statement." (citing Fed. R. Evid. 103)).[1] Moreover, such a curative instruction—in the form and timing the government proposes—would be highly prejudicial. The government's belated request should be denied.

     The government takes issue with the portion of defense counsel's opening statement in which the undersigned said that part of the government's case would be to "distract" the jury. There is nothing improper about this statement and it is standard fare for defense counsel opening statements. Indeed, prior to giving the opening statement in this case, the undersigned reviewed the opening statement given in the Boustani trial to discern, what, if any, statements the government might find objectionable.

     As the government is well aware, during the opening statement of Mr. Boustani's counsel in that trial, Mr. Boustani's counsel used the word "distract" six times and "misdirection" eight times to describe what that attorney believed the government would attempt to do in the trial. The government did not object during that opening statement and did not file any letter seeking

---

[1] *Modified on other grounds*, No. 98 CIV. 3356 (HB), 2000 WL 1808560 (S.D.N.Y. Dec. 11, 2000), *and aff'd in part, appeal dismissed in part, on other grounds*, 42 F. App'x 507 (2d Cir. 2002) (unpublished).

any curative instruction in that case. Some examples of the *Boustani* trial opening by defense counsel include:

> What David Copperfield did is called misdirection. That's where a magician directs the audience's attention to one thing to distract them from what's important, to distract them from what they should really be looking at . . . . And so all of the emails that you're going to see in this case about payments to officials in Mozambique, all of the emails about chickens, that is misdirection. It is distracting your attention from what this case is about.
>
> The prosecution is going to try to do just what David Copperfield did . . . . They are going to try to distract you from the fact that all of their evidence about payments to government officials on the other side of the world. It doesn't come close to proving the charges in this case. . . .

Master Trial Transcript pg. 205-207, 249.

The portion of the undersigned's opening statement that the government complains about were variants on this same theme. Nothing improper. Nothing argumentative, beyond what is appropriate in opening.

Beyond it being appropriate to assert in opening that the government will try to "distract" the jury, the assertions made in opening statements here were not improper argument, and the government mischaracterizes what was said, removing the quoted lines from their actual context to present a misleading narrative. Defense counsel did not—contrary to the government's assertions—state that the six expert witnesses were being called to distract the jury's attention, but rather that is why the government was calling twenty-five witnesses, twenty-three of whom have no first-hand knowledge of any relevant facts. That was the distraction. Defense counsel highlighted that neither cooperating witness would testify that they agreed to commit any crimes with the Defendant and no other witness had relevant evidence to the actual charged conduct. The point being made was broader than the six witnesses. Anyone listening to those lines in real time, put in their proper context, understood what was being said and it was not what the government argues, almost one week later.

The government now argues that the defense refuses to stipulate to their experts on wires notwithstanding the statement that we do not dispute what wires were sent and received. This confuses the issue. Defense does not dispute what wires were sent, which is why we have stipulated to all of the business records reflecting what wires were sent when—and all of those documents are currently in evidence. But the defense does challenge the allegations regarding the path the wires took and whether they actually did move to or from the United States. As such, Minister Chang, as is his right, has not stipulated to that point. To be clear, Defendant has stipulated as to all the bank records showing the wires.

As a final point, the El Chapo instruction is from the jury charge at the end of trial with the other jury charges. The instruction was not given in the middle of trial, directly prior to a witness testifying, as the government seeks here. If the government wants an instruction about this and the Court concludes it has not already waived its objection by failing to raise the issue until five days after defense counsel's opening, the government should at least wait until the charge at the end of trial. Moreover, the circumstances in El Chapo were different than those here. That charge was responding to testimony from El Chapo's technical expert who was cooperating with the U.S. government, which wiretapped El Chapo's personal communications system. Prosecutors played a lot of audio recordings of El Chapo during trial, and that language the government is quoting in its letter was responding to any potential concern about whether the US government lawfully obtained that audio. To say the least, there is nothing like that in this trial.

For the foregoing reasons, Mr. Chang respectfully requests that the Court not give a curative instruction prior to Mr. O'Malley's testimony.

                                              Respectfully submitted,

                                              */s/ Adam C. Ford*
                                              Adam C. Ford

Cc: All Counsel of Record (via ECF)

FORD O'BRIEN LANDY | 275 Madison Avenue, Fl. 24 NY, NY 10016 | P: 212.858.0040 | fordobrien.com