

U.S. Department of Justice

United States Attorney
Eastern District of New York

HDM/GN/PC/MC
F.# 2016R00695

271 Cadman Plaza East
Brooklyn, New York 11201

July 22, 2024

By ECF and Email

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Manuel Chang
             Criminal Docket No. 18-681 (NGG)

Dear Judge Garaufis:

      The government writes in response to the defendant's July 22, 2024 letter ("Def. Ltr"). The government wishes to briefly address a few of the issues raised in the defendant's letter.

      First, the Court should give the curative instruction sought by the government. As a threshold matter, the government's request is timely. (Id.) The defendant unduly prejudiced the government by making inappropriate argument during opening statements about why it was calling six witnesses to testify about international wire transfers. The government is not asking the defendant to change his opening statement. Rather, the government now seeks a curative instruction from the Court before those witnesses testify to correct any misimpression the jury may have because of the defendant's prejudicial arguments.

      The defendant mischaracterizes his opening statements, claiming that "[d]efense counsel did not . . . state that the six expert witnesses were being called to distract the jury's attention, but rather that is why the government was calling twenty-five witnesses, twenty-three of whom have no first-hand knowledge of any relevant facts." (Id. at 2.) The defendant does not quote from his opening statement because it provides no support. As set forth in the government's letter dated July 21, 2024 ("Gov't Ltr"), the transcript makes clear defense counsel was arguing that the government was trying to distract the jury by calling six expert and financial institution witnesses. (See Gov't Ltr, at 1, ECF No. 680 (quoting Trial Tr. at 59-60).) The defendant has forced the government to call all these witnesses because he will not stipulate to their testimony. It would be

unduly prejudicial for the defendant to do so and at the same time claim that the government calling these witnesses is a distraction.[1]

Defendant also argues that if the Court decides to give the proposed instruction, it should wait until the end of trial to do so, as was done in the Guzman Loera case. (Id. at 3.) The Court should not wait until the end of trial to give this instruction. If the Court does not provide the instruction before the government starts calling its experts and financial institution witnesses, the jury may believe the government is trying to distract them by calling these witnesses even though that is not the government's intention.

Second, the government is concerned that the defendant will seek to improperly cross-examine the government's expert witness Mr. Sean O'Malley and other fact witnesses regarding U.S. correspondent banking. In his letter, the defendant states that he "does not dispute what wires were sent and received." (Def. Ltr. at 2.) However, the defendant states that he does intend to "challenge the allegations regarding the path the wires took and whether they actually did move to or from the United States." (Id.)

This argument directly contradicts the Court's July 7, 2024 Order and the prevailing law in the Second Circuit. As the Court explained in its Order, "courts – including the Second Circuit – have long conceived of transfers from one place to another as being severable, and resting in the United States, when moving through correspondent banks." ECF No. 626, at 30-31. See also United States v. Ho, 984 F.3d 191, 204 (2d Cir. 2020) (explaining that the transactional requirement in Section 1956(a)(2) can be satisfied if "a defendant arranges a wire transfer that uses the U.S. banking system to go from a foreign source, to a correspondent bank in the United States, to another bank in the United States, and then to a final foreign beneficiary."). Thus, as the Court held, the question for the jury is "whether transfers occurred such that this element is met, not whether wires through correspondent bank account transfers are appropriately covered by 18 U.S.C. § 1956(a)(2)." ECF No. 626, at 30-31. The Court subsequently granted the government's motion to preclude the defendant from arguing or cross-examining the government's witnesses that international wires through U.S. correspondent banks do not constitute the movement of funds to, from, or through the United States. Id.

In light of the Court's prior ruling, the government submits that the defendant should not be permitted to raise this line of inquiry on cross-examination.

---

[1] The defendant also states that the government did not object to similar arguments during the defense's opening statements in Boustani. The government's decisions regarding when to object in Boustani have no relevance whatsoever to this case.

|     | Respectfully submitted, |
|-----|---|
|     | BREON PEACE<br>United States Attorney |
| By: | /s/<br>Hiral Mehta<br>Genny Ngai<br>Assistant U.S. Attorneys<br>(718) 254-7000 |
|     | GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Division<br>U.S. Dept. of Justice |
| By: | /s/<br>Peter L. Cooch<br>Trial Attorney<br>(202) 924-6259 |
|     | MARGARET A. MOESER<br>Chief, Money Laundering & Asset Recovery Section<br>Criminal Division<br>U.S. Department of Justice |
| By: | /s/<br>Morgan J. Cohen<br>Trial Attorney<br>(202) 616-0116 |

cc: Clerk of Court (NGG) (by ECF)
    Defense counsel (by ECF)