

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 23, 2025

Michael G. McGovern
T +1 212 841 8860
michael.mcgovern@ropesgray.com

**BY ECF**

The Honorable Nicholas G. Garaufis
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Detelina Subeva*, 1:18 CR 00681

Dear Judge Garaufis:

On behalf of Defendant Detelina Subeva and in accordance with Rule V(A) of the Court's Individual Rules, we respectfully request a pre-motion conference in connection with our anticipated motion for reconsideration of the Court's May 16, 2025 Memorandum & Order (Dkt. 803) (the "Restitution Order" or "Order") to the extent the Restitution Order directs the Government to file a proposed restitution order as to Ms. Subeva in the amount of $10,566,000. As briefly discussed below and will be more fully explained in our motion for reconsideration, any such order of restitution against Ms. Subeva at this stage—almost three years after she was sentenced by Judge William F. Kuntz, II, who neither ordered restitution nor reserved the determination of restitution to a later date— would be both statutorily and constitutionally barred.

In the Restitution Order, the Court found that the Government met its burden of proving that VTB Capital PLC incurred a loss of $352,200,000 as a result of Defendant Manuel Chang's criminal conduct and that apportionment of liability for that loss among certain of the co-defendants is appropriate. *See* Order at 18-20. As a result, the Court found Ms. Subeva accountable for 3% of the total loss and ordered the Government to file a proposed restitution order as to Ms. Subeva in the amount of $10,566,000. *See id.* at 19-20.

As the Court acknowledged, however, Judge Kuntz sentenced Ms. Subeva almost three years ago (on August 11, 2022) and "did not order Ms. Subeva to pay restitution as part of her sentencing." Order at 3, n.1. That was unsurprising, as the Government had not sought restitution as to Ms. Subeva either orally or in their written sentencing submission (a/k/a "5K letter"); rather, the Government requested only the entry of an agreed forfeiture order in the amount of $200,000. *See* Dkt. 435 (Govt's Objection to Presentence Investigation Report); Dkt. 438 (Govt's Sentencing Memorandum). Nor did Judge Kuntz expressly reserve the question of restitution to a later date, as would have been required under 18 U.S.C. § 3664(d)(5) were that an open question in his mind. It was not. The only

ROPES & GRAY LLP

- 2 -                                                      May 23, 2025

civil monetary penalty he imposed was a special assessment of $100.  *See* Dkt. 446 (Memorandum & Order); Dkt. 737 (Subeva Sentencing Transcript) at 23.  On August 12, 2022, the day after Ms. Subeva's sentencing, Judge Kuntz entered a formal Judgment, attached hereto as Exhibit A (Dkt. 447), which expressly confirmed his previous determination that the amount of restitution owed by Ms. Subeva was "$0.00" and that the only civil monetary penalty he had imposed was a special assessment of $100.  Judgment at 3.  On this record, we respectfully submit that any order of restitution against Ms. Subeva would be both statutorily and constitutionally barred.  *See, e.g.,* Fed. R. Crim. P. 35(a) (once imposed, a sentence can be "corrected" only for "clear error" and such correction must occur within 14 days of sentencing).

For the foregoing reasons, we respectfully request a pre-motion conference in connection with our anticipated motion for reconsideration of the Court's Restitution Order to the extent it contemplates the imposition of any restitution obligation on Ms. Subeva.

Respectfully submitted,


/s/ Michael G. McGovern

Michael G. McGovern
Brittany Norfleet Royce

*Counsel for Detelina Subeva*


cc: All counsel of record (by ECF)

# EXHIBIT A

AO 245B (Rev. 10/13/2021)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Detelina Subeva | Case Number: 1:18CR00681-008(WFK) |
|  | USM Number: 91624-053 |
|  | Michael G. McGovern, Esq.; Zaneta Wykowska Esq. |
|  | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Four (4) of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 12/19/2018 | 4 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    all open counts    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/11/2022
Date of Imposition of Judgment

**s/ WFK**

Signature of Judge

William F. Kuntz, II - U.S. District Judge
Name and Title of Judge

August 12 2022
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: Detelina Subeva
CASE NUMBER: 1:18CR00681-008(WFK)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
TIME SERVED.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:18-cr-00681-NGG Document 805 Filed 05/23/25 Page 6 of 11 PageID #: 24290

Judgment — Page    3    of    4

DEFENDANT: Detelina Subeva
CASE NUMBER: 1:18CR00681-008(WFK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: Detelina Subeva                                        Judgment — Page __4__ of __4__
CASE NUMBER: 1:18CR00681-008(WFK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ ___100.00___ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
      Payment shall be made payable to the Clerk of Court. Fine payable at a rate of $25 per quarter while in custody.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See Order of Forfeiture dated August 9, 2022 appended to and incorporated by reference into this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

HDM/MAM
F. #2016R00695

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -

Detelina Subeva,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      PRELIMINARY
      ORDER OF FORFEITURE

      18-CR-681 (WFK)

WHEREAS, on or about May 20, 2019, the defendant entered a plea of guilty to the offense charged in Count Four of the above-captioned indictment, charging a violation of 18 U.S.C. § 1956(h); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented to the entry of a forfeiture money judgment ("Forfeiture Money Judgment") in the amount of two hundred thousand dollars and zero cents ($200,000), as property involved in the defendant's violation of 18 U.S.C. § 1956(h), and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p).

2.      All payments made towards the Forfeiture Money Judgment shall be made by money order, or a certified or official bank check, payable to the "United States Marshals Service," with the criminal docket number noted on the face of the check. The defendant shall cause said payment(s) to be delivered by overnight mail to Assistant United States Attorney Brian

Morris, United States Attorney's Office, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full within thirty (30) days of sentencing (the "Due Date").

      3.    If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of hers up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

      4.    Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction

      5.    The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

      6.    The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and

voluntarily waives her right, if any, to a jury trial on the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.      The entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

8.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9.      This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10.     This Preliminary Order shall be final and binding only upon the Court's "so ordering" of this Order.

11.     The Court shall retain jurisdiction over this action to enforce this compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

---

12.    The Clerk of the Court is directed to send, by inter-office mail, three (3)

certified copies of this executed Preliminary Order to the United States Attorney's Office,

Eastern District of New York, Attn: Samuel Williams, 271-A Cadman Plaza East, Brooklyn,

New York 11201.

Dated: Brooklyn, New York

August 9 , 2022

SO ORDERED:

**s/ WFK**

HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

---

United States v. Detelina Subeva 18-CR-681 (WFK)
Preliminary Order of Forfeiture                                                             Page 4